STATE, EX REL. SAMUEL W. STILSING, v. JAMES N. DAVIS.

1. The charter of Jersey City provided that three police justices should be appointed by the senate and general assembly in joint meeting, and that in case of a vacancy the governor should fill it. By the act of 1881 it was provided, "that any officer of any city in this state who now holds, or hereafter shall hold, any office therein under any law of this state, which fixes the term thereof for a precise and determined period, shall continue to hold such office, &c., until his successor has been appointed and qualified." *Held,* that upon the expiration of the official term of one of such police justices, as there was no vacancy, the governor could not fill the office.

On demurrer to an information in the nature of a *quo warranto.*

Argued at June Term, 1883, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the relator, *Gilbert Collins.*

For the defendant, *A. Q. Garretson.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. From the information it appears that the relator, Samuel W. Stilsing, was, in the month of March, 1880, appointed by the senate and general assembly, in joint meeting, one of the police justices of Jersey City, for the term of three years from the 1st day of May in the same year, and that he was thereupon duly commissioned and qualified, and entered upon the duties of such office. In the same manner the court is likewise informed that since the 7th day of May, 1883, the respondent, James N. Davis, has intruded into said office, his title being that he was appointed to fill a vacancy supposed to have existed on the expiration of the fixed term for which the relator, as above stated, had been chosen.

The only contention which is raised, and which is to be settled in this case, is whether or not there was a vacancy in the office in question at the date of the respondent's appointment.

The relator took office under the force of the charter of the city, which law was enacted in the year 1871. By the one hundred and ninth section of that act, it is provided in these words, viz.: "That there shall be in said city three police justices, who shall each receive an annual salary of $2000, and hold office for the term of three years; they shall be appointed by the senate and general assembly in joint meeting; in case of a vacancy, the governor of the state shall fill such vacancy until the said joint meeting appoint a person to such office, which shall be done at the next or any subsequent session of the legislature; and the person so appointed by such joint meeting shall hold office for three years."

By force of this provision, if it had stood unaffected by any subsequent legislation, it is plain that the appointment that was made of the respondent to this office would have

been unobjectionable and legal; for, on the assumption above stated, there was, at the time in question, a vacancy in this office, the relator's term having expired on the 1st day of May, 1883. But this was not the condition of affairs; for on the 28th of February, 1881, another act relative to the matter was passed, in the words following, viz.: "That any officer of any city in this state, who now holds, or hereafter shall hold, any office therein under any law of this state which fixes the term thereof for a precise and determined period, shall continue to hold such office and to exercise the duties of the same, notwithstanding the time limited for its continuance shall have expired, until his successor has been appointed and qualified."

The contention of the relator is; that by force of this law his own official life was prolonged, and that as no vacancy existed, the respondent's appointment was and is a nullity.

In my opinion this contention must prevail. The act of 1881, above recited, is by its express terms applicable to all the cities of the state, and it embraces every officer of a city whose term is "for a precise and determined period." Nor can it be successfully contended, that the relator was not an officer of the city because he was chosen in joint meeting, and commissioned by the governor. The mode of selection and appointment cannot afford any criterion with respect to the question whether the given officer be a state or a local functionary. That matter is to be settled by a reference to the duties to be performed. In the present case the functions of this officer were altogether local in their character, and the office itself was as much a part of the municipal instrumentalities as were those of the mayor and common councilmen.

The relator is entitled to judgment on this demurrer.